# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE

## STATE OF TENNESSEE v. THEODORE F. HOLDEN

**Criminal Court for Davidson County**
**No. 2003-B-904**

---

**No. M2004-00570-CCA-R3-CD - Filed April 19, 2005**

---

JOHN EVERETT WILLIAMS, J., dissenting.

I respectfully disagree with the majority's conclusion that the defendant did not open the door to cross-examination concerning other felonies involving dishonesty. This defendant's record is extensive, and all but one of his thirteen convictions involve acts of dishonesty. The defendant's credibility was an issue when he chose to testify. For me, it is a close question of whether the questions asked by the defendant's attorney opened the door for further examination. By this I mean it appears that defense counsel was clearly trying to convey the defendant's record consisted only of misdemeanor offenses. I trust the trial court heard the inflections in defense counsel's voice that he used to emphasize "misdemeanor" in his questioning. Although his questions contained true statements, the inflections used in asking the questions by defense counsel could surely place an undue emphasis on "misdemeanor," creating a misimpression on a jury. I believe the cavalier answers given by the defendant further opened the door when he answered, "I guess, yeah," and "O.K." The defendant had an extensive criminal record. His first arrest was at age nineteen, and he is now thirty-two. The record reveals that the defendant had never accumulated more than three years of good conduct without being arrested. His answers to the specific questions by defense counsel were answered in such a way that a jury could mistakenly believe that his brushes with the law were so infrequent or minor that he had difficulty remembering them. I believe this line of questions was designed to convey a false impression to the jury. Tennessee Rule of Evidence 609 envisions impeachment by the State of a criminal defendant if he or she chooses to testify. Here, defense counsel sought to lessen the sting of the state's impeachment or to steal the state's thunder, a permissible tactic. However, this permissible trial tactic must be employed with the utmost caution or the door will be opened for the State to cross-examine on his entire record. Under the facts of this case, I conclude the trial court was correct in ruling that the defendant opened the door to further impeachment. Respectfully submitted,

_____
JOHN EVERETT WILLIAMS, JUDGE